**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                             Plaintiff,<br><br>   v.<br><br>RANDALL BIALEK,<br><br>                            Defendant. | Case No. 19-cr-01787-BAS-17<br><br>**ORDER DENYING WITHOUT PREJUDICE MOTION FOR COMPASSIONATE RELEASE AND TO REDUCE SENTENCE PURSUANT TO FIRST STEP ACT (ECF No. 1264)** |

      On September 3, 2020, Defendant Randall Bialek, representing himself, sent a letter to the Court saying that two people from his unit had tested positive for the coronavirus and that he had "a bad heart, C.O.P.D., and [was] diabetic," which meant he had a "95% chance [he would] die if [he caught] the virus." (ECF No. 1264.) Mr. Bialek attached no medical records supporting his claim, nor did he indicate whether he had made any request for release from the Warden where he is being housed.

      On September 4, 2020, the Court appointed Federal Defenders, Inc. to represent Mr. Bialek in his Motion. (ECF No. 1265.) However, counsel from Federal Defenders filed a status report on October 16, indicating they had informed Mr. Bialek of a potential conflict of interest in their representation and "requested that he respond with how he wants to

proceed." (ECF No. 1345.) As of October 16, Federal Defenders had not yet received a response from Mr. Bialek. (ECF No. 1345.)

It has now been over two weeks since that status report was filed, and the Court has received no additional information. Therefore, because Mr. Bialek fails to meet his burden of proof of showing he is at risk from the virus and because he has failed to demonstrate that he has exhausted his administrative remedies, the Court **DENIES** Mr. Bialek's request without prejudice to refiling his motion with the appropriate proof.

## I. ANALYSIS

Under 18 U.S.C. § 3582(c)(1)(A), a court may, in certain circumstances, modify or reduce a defendant's term of imprisonment, after he has exhausted his administrative remedies, if "considering the factors set forth in [18 U.S.C.] section 3553(a)," the court finds, as relevant here, that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *United States v. Ng Lap Seng*, 459 F. Supp. 3d 527, 532 (S.D.N.Y. 2020). As the movant, the defendant bears the burden to establish that he is eligible for a sentence reduction. *United States v. Holden*, 452 F. Supp. 3d 964, 969 (D. Or. 2020).

### A. Exhaustion of Administrative Remedies

"Requiring inmates to exhaust their administrative remedies before seeking court intervention serves several purposes. First, it protects administrative agency authority by guaranteeing agencies the 'opportunity to correct [their] own mistakes.'" *Ng Lap Seng*, 459 F. Supp. 3d at 532 (quoting *Woodford v. Ngo*, 548 U.S. 81, 89 (2006)). "Second, it promotes efficiency since claims 'generally can be resolved much more quickly and economically in proceedings before an agency than in litigation in federal court.'" *Id*. This Court agrees with the vast majority of courts in this circuit that have found such an exhaustion to be mandatory. *See, e.g.*, *United States v. Stanard*, No. CR 16-320-RSM, 2020 WL 1987072, at *4 (W.D. Wash. Apr. 27, 2020); *United States v. Otero*, No. 17-cr-879-JAH, 2020 WL 1912216, at *3 (S.D. Cal. Apr. 20, 2020); *United States v. Allison*, No.

CR 16-5207-RBL, 2020 WL 1904047, at *2 (W.D. Wash. Apr. 17, 2020); *United States v. Fuller*, No. CR 17-0324 JLR, 2020 WL 1847751, at *2 (W.D. Wash. Apr. 13, 2020); *United States .v Aguila,* No. 2:16-0046-TLM, 2020 WL 1812159, at *1 (E.D. Cal. Apr. 9, 2020); *United States v. Carver*, No. 4:19-CR-06044-SMJ, 2020 WL 1604968, at *1 (E.D. Wash. Apr. 1, 2020).

Section 3582 provides two alternative routes to exhaustion. In the first, a petitioner files a petition, which is acted on by the Warden, and the petitioner proceeds to continue to fully exhaust his or her administrative remedies by appealing this refusal from the Warden. In the second, the Warden takes no action, 30 days lapse and, because of the Warden's failure to act, the petitioner may proceed without fully exhausting his or her administrative remedies.

Mr. Bialek has failed to demonstrate that he has pursued either route. Therefore, the Court could deny Mr. Bialek's request on this ground alone.

**B.     Extraordinary and Compelling Reasons for Release**

As mentioned, Mr. Bialek has the burden to show "extraordinary and compelling reasons warrant" a reduction in his sentence and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *See Ng Lap Seng*, 459 F. Supp. 3d at 532.

Many of the reasons cited by Mr. Bialek could qualify him for compassionate release. However, he has the burden of proof to demonstrate: (1) that the conditions of his incarceration are such that he is at risk of catching the coronavirus, and (2) he has medical conditions that would make contracting the coronavirus particularly dangerous to him. He has not attached any medical records or doctor's opinion. Therefore, he fails to meet his burden of proof.

**II.     CONCLUSION**

Since Mr. Bialek fails to provide evidence that he has exhausted his administrative remedies and fails to meet his burden of proof of demonstrating the risks he is facing from the coronavirus, the Court **DENIES** Mr. Bialek's Request to reduce his sentence without

1  prejudice.  (ECF No. 1264.)  Mr. Bialek or his attorney may refile the request with any
2  additional documents they would like the Court to consider.
3       **IT IS SO ORDERED.**
4
5  **DATED: November 2, 2020**

Hon. Cynthia Bashant
United States District Judge